[No. 29974.    Department Two.    October 18, 1946.]

GEORGE FAUNCE, *Respondent,* v. CARROLL CARTER, *as
Treasurer of King County, Appellant.*[1]

[1]Reported in 173 P. (2d) 526.

*Lloyd Shorett* and *Wm. R. Bell,* for appellant.

*Edward H. Wright,* for respondent.

STEINERT, J.—Plaintiff instituted this action under the uniform declaratory judgment act to obtain a judicial interpretation of Rem. Rev. Stat., § 11246 [P.P.C. § 979-217], and to compel a county treasurer to issue to him a proper receipt for certain real estate taxes paid by plaintiff. Upon joinder of issues, the cause was tried to the court without a jury. The court made findings of fact and conclusions of law, upon which it rendered judgment construing the statute and commanding the treasurer to issue a tax receipt as prayed for by the plaintiff. The treasurer appealed.

Respondent, George Faunce, is the owner of certain real property situated in King county, Washington, and legally described as

"The Northwest Quarter of the Northeast Quarter and the Southwest Quarter of the Northeast Quarter of Section 17, Township 26 North, Range 7, East of Willamette Meridian."

Appellant, Carroll Carter, is the duly elected and acting county treasurer of King county.

The description of respondent's land as set forth above accords with the description thereof appearing on the tax roll of the appellant treasurer.

In July, 1945, respondent paid to the appellant all of the 1945 taxes on the above-described property, including accrued interest, and at the same time demanded a receipt therefor containing a description of his land as it appeared on the treasurer's tax roll. This demand was made pursuant to the provisions of Rem. Rev. Stat., § 11246, to which the attention of the appellant was at the time specifically directed by the respondent.

Appellant accepted payment of the taxes but refused, and has at all times since refused, to give respondent a receipt in the form demanded by the latter. Instead of complying with such demand, appellant thereafter mailed to the respondent a receipt containing a description which reads as follows: "S 17 T 26 R 7 Por Tl 2 x 3 Complete Desc In Treasurers Roll."

Appellant alleged in the affirmative portion of his answer, and he now contends, that the receipt issued by him is sufficient, as being in accordance with Rem. Rev. Stat., § 11137 [P.P.C. § 979-119].

It appears from the evidence that the procedure followed by the appellant in this instance and the form of receipt which he sent to the respondent were conceived and adopted by appellant in the tax year 1944, and as such constituted a radical departure from the established procedure which both he and his predecessors in office had followed regularly for years past.

The applicable statute pertaining to the duties of the county treasurer with reference to the issuance of tax receipts is Rem. Rev. Stat., § 11246, which, so far as is pertinent here, reads as follows:

"The county treasurer upon receiving any tax, shall give to the person paying the same a receipt therefor, *specifying therein the land, city or town lot, or other real and personal property* on which the tax so paid was levied *according to its description on the treasurer's tax-roll* and the year for which the tax was levied. The owner or owners of property against which there are delinquent taxes, shall have the right to pay the current tax without paying any delinquent taxes there may be against said property: Provided, however, that in issuing a receipt for such current tax the county treasurer shall endorse upon the face of such receipt a memorandum of all delinquent taxes against the property *therein described,* showing the year for which said tax is delinquent and the amount of delinquent tax for each and every year. Such receipts shall be numbered consecutively for such year and such numbers and amount of taxes paid shall be immediately entered upon the treasurer's tax-roll opposite or under each and every piece of property therein for which such receipt was given; it shall contain the name of

the party paying, with the amount and date of payment *and the description of the property upon which the tax is paid.* Such receipt shall be made out with a stub, which shall be a summary of this receipt. . . . " (Italics ours.)

This statute was enacted in its present form in 1925, being § 85, Laws of 1925, Ex. Ses., p. 282. The history of the act as developed by successive legislative enactments may be found in Code of 1881, § 2899; Laws of 1889-90, Chapter XVIII, p. 561, § 86; Laws of 1891, Chapter CXI, p. 311, § 81; Laws of 1893, Chapter CXXIV, p. 354, § 71; Laws of 1897, Chapter LXXI, p. 170, § 70.

As stated by the trial court in its memorandum decision, "language could not be clearer or more unambiguous than the language of Rem. Rev. Stat., § 11246." It states in the opening sentence that, upon receiving any tax, the county treasurer *shall* give to the person paying such tax a receipt *specifying* the land, city or town lot, or other real and personal property on which the tax so paid was levied "according to its description on the treasurer's tax-roll." Near the end of the section as above quoted, it again states that the receipt *shall* contain, among other things, "the description of the property upon which the tax is paid."

▮ The immediate question for our decision is whether the word "shall," in Rem. Rev. Stat., § 11246, makes it mandatory that the treasurer's tax receipt specify the land on which the tax is paid according to its description on the treasurer's tax roll.

Whether the word "shall," as contained in a particular statute, is to be construed in an imperative sense or as merely directory depends upon the intent of the legislature in its use of that word, such intent to be derived from the general, as well as specific, legislation upon the subject, and to be determined by recourse to the ordinary rules of construction.

In *Spokane County ex rel. Sullivan v. Glover,* 2 Wn. (2d) 162, 97 P. (2d) 628, this court had occasion to construe the term "shall" as employed in Rem. Rev. Stat. (Sup.), § 11245 [now Rem. Supp. 1943, § 11245 (P.P.C. § 979-215)]; and, in

its approach to its decision on that phase of the case, gave expression to certain principles generally accepted by all courts on that subject, as follows:

"There is no universal rule or absolute test by which it can be positively determined whether a provision in a statute is mandatory or directory. In the determination of that question, as of every other question of statutory construction, the prime object is to ascertain the legislative intent as disclosed by all the terms and provisions of the act in relation to the subject of legislation, and by a consideration of the nature of the act, the general object to be accomplished, and the consequences that would result from construing the particular statute in one way or another. 59 C. J. 1072, § 631; 25 R. C. L. 767, § 14.

"As a general rule, the word 'shall,' when used in a statute is imperative and operates to impose a duty which may be enforced, while the word 'may' is permissive only and operates to confer discretion. These words, however, are frequently used interchangeably in statutes, and without regard to their literal meaning. In each case, the word is to be given that effect which is necessary to carry out the intention of the legislature as determined by the ordinary rules of construction, 59 C. J. 1079, § 635; 25 R. C. L. 767, § 15. In our own tax code, the word 'shall' is used in almost every section, and it is apparent that it is employed indiscriminately in both the imperative and the permissive sense.

"With reference to powers and duties imposed by statute on public officers, it is often difficult to determine whether they are mandatory or merely directory. Generally speaking, however, where the provisions affect the public interest or are intended to protect a private citizen against loss or injury to his property, they are held to be mandatory rather than directory. 59 C. J. 1076 *et seq.*, § 633; 25 R. C. L. 770 *et seq.*, §§ 17, 18. Always, however, the prime consideration is the intent of the legislature as reflected in its general, as well as its specific, legislation upon the particular subject."

■ In the light of these accepted principles, we are convinced that the word "shall," as repeatedly used in Rem. Rev. Stat., § 11246, was employed in its mandatory sense, imposing an imperative duty upon the county treasurer. Not only does the entire section lay a positive injunction upon the treasurer, but it also directly affects the public

interest and serves to protect the private citizen against loss of his property due to tax foreclosure proceedings based upon faulty and unintelligible descriptions.

We come, then, to the crucial question in the case, namely, whether the description contained in the receipt given by the appellant complies with the requirements of Rem. Rev. Stat., § 11246, quoted above.

It is the rule in this state, as elsewhere, that in proceedings relative to the assessment, levy, or collection of taxes, abbreviations in the description of lands are permissible where such abbreviations are commonly known and generally understood; but, where they are not so known, used, or understood, they are insufficient and all steps taken thereunder are invalid. *McMurren v. Miller,* 158 Wash. 284, 290 Pac. 879. See *Wingard v. Pierce County,* 23 Wn. (2d) 296, 160 P. (2d) 1009.

Under these rules, the abbreviations "S 17 T 26 R 7," as used in the treasurer's receipt, would be sufficient and permissible. In fact, Rem. Rev. Stat., § 11273 [P.P.C. § 979-245], specifically authorizes the use of such abbreviations, and the respondent frankly concedes their permissibility. His criticism and objection are directed solely to that portion of the description in the receipt reading: "Por Tl 2 x 3 Complete Desc In Treasurers Roll."

The appellant, when called upon in his testimony to explain the abbreviations, symbols, figures, and wording of his receipt, stated that the description meant tax lots 2 *and* 3, considered as portions of section 17, township 26, range 7, and that a more complete description would be found in the treasurer's roll.

It will be noted that, according to appellant's explanation, the symbol "X" means "and," and that the abbreviation "Por," meaning "Portion," relates backward, not forward, that is, it designates tax lots two and three as being portions of section 17 and to be taxed in their entirety, rather than that only a portion of those lots is subject to the tax.

Without further analysis of the phraseology, abbreviations, and symbols contained in appellant's receipt, we pronounce our view that the designation "Por Tl 2 x 3"

does not meet the requirements of the rule above stated, and that it does not describe respondent's property "according to its description on the treasurer's tax-roll." The abbreviation "TL 2 x 3" is arbitrary and unintelligible without an explanation such as was given by the appellant, and is not commonly known or generally understood to have the meaning ascribed to it by him. Nor does the phrase "COMPLETE DESC IN TREASURERS ROLL" help the situation. The statute requires that a receipt be given by the treasurer *specifying* the land "according to its description on the treasurer's tax-roll," not that it *refer* the taxpayer to the tax roll for ascertainment of a complete description of the property taxed.

■ Appellant seeks escape from this conclusion by citation of and reliance upon Rem. Rev. Stat., § 11137, which, so far as is alleged to be pertinent here, provides:

"The *assessor* shall list all real property according to the largest legal subdivision as near as practicable. The *assessor* shall make out in the plat and description book in numerical order a complete list of all lands or lots subject to taxation, showing the names and owners, if to him known and if unknown, so stated; the number of acres and lots or parts of lots included in each description of property and the value per acre or lot; *provided, that the assessor shall give to each tract of land where described by metes and bounds a number, to be designated as Tax. No. _____, which said number shall be placed on the tax-rolls to indicate that certain piece of real property bearing such number, and described by metes and bounds in the plat and description book herein mentioned, and it shall not be necessary to enter a description by metes and bounds on the tax-roll of the county,* and the assessor's plat and description book shall be kept *as a part* of the tax collector's records. . . ." (Italics ours.)

This section of the statute pertains to the duties of the assessor in listing real property, rather than to those of the treasurer in issuing tax receipts. It is also to be noted that the assessor's plat and description book upon which the required information is to be noted does not constitute the treasurer's tax roll but only *a part* of the "tax collector's records."

The conclusive answer to appellant's contention, however, is that Rem. Rev. Stat., § 11137, permits designa-

tion of lands by "Tax No. ............," and allows reference by such number to the description contained in the assessor's plat and description book, *only* in cases where the land is described by *metes and bounds*. As appears in the introductory portion of this opinion, respondent's land is not described by *metes and bounds,* but, instead, as two quarter-quarter portions of a section. Therefore, § 11137 has no application to this case.

Appellant in his brief cites several cases, the nearest in point here being that of *National Bank of Commerce v. Davies*, 112 Wash. 106, 191 Pac. 879. In that case the land involved was described in the assessor's tract book as "Tax No. 5, E½NE¼ of NW¼ Sec. 29, Tp. 18, Rg. 19, Acres 20;" whereas, in the published notice of sale for unpaid taxes, it was described as "Sec. 29 Tp. 18 Rg. 19 NE¼NW¼ Tax No. 5, 20 Acres." It will be noted that the latter description omitted the qualifying term "E½" as contained in the former. It was held in that case that the designation "Tax No. 5" supplied the deficiency, that being the tax number on the assessor's list and on the treasurer's tax roll. In the instant case, there is no reference to any *tax number* of the property except "Por Tl 2 x 3," which we have hereinbefore held to be insufficient.

Appellant finally contends that he was advised by the state tax commission that a form of receipt such as that given by him in this case complied in every way with the statutory requirements. The correspondence between the appellant and the state tax commission appears as an exhibit in the case. It reveals that the only questions involved in that correspondence were (1) whether, in sending out tax statements, it was sufficient to use the "Tax Lot Number" assigned by the assessor to a parcel of property described on the tax roll by metes and bounds, without including in the statements the metes and bounds descriptions, and (2) whether the use of the designation "Tax Lot No. ............," instead of the statutory designation "Tax No. ............," would be considered a sufficiently substantial compliance with the statute. The tax commission answered both of those questions in the affirmative.

However, it is apparent that the advice given by the tax commission to the appellant related only to lands described by *metes and bounds*. Conceding that the tax commission is vested with certain authority in such matters, we find that in this instance the commission did not assume to confer upon the appellant the authority which he now asserts.

The judgment of the trial court was correct and is therefore affirmed.

MILLARD, C. J., SIMPSON, MALLERY, and CONNELLY, JJ., concur.

[1]Reported in 173 P. (2d) 531.