[No. 4900–1.   Division One.   November 14, 1977.]

LEALON H. CARTER, ET AL, *Appellants,* v. CHRIS PALZER, ET AL, *Respondents.*

*Black, Christensen & Nielsen, Inc., P.S.,* and *Andrew T. Nielsen,* for appellants.

*Anthony Schwab,* for respondents.

ANDERSEN, J.—

FACTS OF CASE

The City of Everett foreclosed against a house and lot for nonpayment of $56.21 in local improvement district assessments. The case before us involves competing claims to ownership of that property between the party who bought it at public auction for $238.91 (the total of the assessments owing plus interest, penalties, and foreclosure costs) and the titleholders who were unaware either of the assessments or that the property was being sold. The titleholders purchased the property in 1961 for $7,500, and more recently expended approximately another $4,500 on it.

The titleholders are Lealon H. Carter and Helen M. Carter, husband and wife (the Carters), who duly recorded their warranty deed at the time they purchased the property. In 1962, the year following that in which they bought the property, they contracted to sell it to Glynn R. Horan and Isabelle R. Horan, his wife (the Horans), for $10,000 payable in monthly installments. The real estate contract was never recorded and the Carters remained titleholders of record.

Sometime during the years when the Horans were keeping up their payments under the real estate contract, they rented the property to David Salvang and Judy Salvang, his wife (the Salvangs), who thereafter resided there.

In 1973, after 11 years of paying the contract installments, the Horans fell behind in their payments. They also neglected to pay the 1971 and 1972 real estate taxes on the property as they were obligated to do under the contract. The Carters thereupon declared the contract forfeit, the Horans abandoned the premises and on April 23, 1973, the Carters resumed control over it. The Carters thereafter expended approximately $4,500 in paying up delinquent real estate taxes and improving the property. The Salvangs stayed on as renters from the Carters.

Then sometime in 1975, Mr. Chris Palzer (Palzer) stopped by the house and remarked to the renters about how well the house had been kept up for him. Palzer indicated that he was now the owner of the property and that henceforth they should pay their $85 monthly rental to him.

Upon being advised of this development, the Carters immediately inquired further. They discovered for the first time that their property had been sold to Palzer at a foreclosure sale and that on May 16, 1975, a local improvement assessment deed to the property had been issued by the treasurer of the City of Everett to Palzer.

The deed from the City to Palzer of the Carters' property came about as a result of the following circumstances.

In some manner not fully explained in the record, the contract purchaser, Mr. Horan, became listed on the assessment rolls as the property owner.[1] In 1963, a number of property owners petitioned to create a local improvement district to pay for additional water mains and fire hydrants to serve the area where this property is located. Mrs. Horan signed the petition as owner. The cost of the improvement was assessed against the property within the district and was payable in 10 equal annual installments. The property in question was assessed at the rate of $13 a year for this improvement.

In 1972, the city treasurer of Everett sued Mr. Horan for $56.21 in delinquent assessments, interest and penalties and asked foreclosure of the assessment lien against the property. Service was by publication, and though the description of the property was included in the publication, only Mr. Horan's name appeared as owner. On December 21, 1972, a default decree of foreclosure was entered against the property and on April 16, 1973, it was sold to Palzer for $238.91 at a tax sale. Then on May 16, 1975, the 2–year redemption period having expired, the local improvement assessment deed was issued to Palzer pursuant to statute. RCW 35.50.190–.200.

The Carters, finally having discovered this, promptly sued Chris Palzer and Cathy Palzer, his wife (the Palzers), asking that the local improvement assessment deed be invalidated and that title to the real estate be quieted in the Carters. The Carters joined the Salvangs as defendants and sought recovery of unpaid rents from them. The Palzers counterclaimed against the Carters asking that title to the property be quieted in the Palzers and, in addition, sought $25,000 in damages from the Carters on the basis that the Carters by their suit had damaged the marketability of Palzers' title to the property.

---

[1]The affidavit of a deputy Snohomish County treasurer states:

"That at the request of anyone whether he be in fact the owner or have any interest or not in the real property, can have his name put on the tax roll to receive the taxes as they become due on real estate."

The Carters and the Palzers then filed cross motions for summary judgment supported by affidavits. Following argument and hearings on the motions, the trial court granted a summary judgment quieting title to the property in the Palzers but denying them damages. The Carters appeal and challenge the legality of the procedures used to foreclose against their property. The Palzers do not cross–appeal.

One issue is determinative.

## ISSUE

Where the affidavit of mailing notice of delinquent L.I.D. assessments required by statute was not filed, and where no showing was made that the party listed as the property owner on the assessment roll had actual knowledge of the delinquency and tax sale, did the trial court have jurisdiction to enter a judgment of foreclosure and order the property sold?

## DECISION

CONCLUSION. We hold that, under the facts presented, the trial court was without jurisdiction to adjudge foreclosure and order the property sold. The sale of the Carters' property to Palzer was therefore void.

█ The law pertaining to foreclosure of assessments for local improvements, RCW 35.50, required more notice than just publication of summons. It is an express statutory condition precedent to any such foreclosure, that a notice of delinquency and foreclosure be mailed by the town or city treasurer 30 days before the commencement of foreclosure proceedings and that the treasurer file an affidavit attesting to the mailing of such notice with the clerk of the superior court at the time the foreclosure proceeding is commenced. RCW 35.50.030.[2]

---

[2] "Authority and conditions precedent to foreclosure. If on the first day of January in any year, two installments of any local improvement assessment are delinquent, or if the final installment thereof has been delinquent for more than one year, the city or town shall proceed with the foreclosure of the delinquent

In *Crider v. Othello,* 9 Wn. App. 536, 513 P.2d 571 (1973), a somewhat similar situation was before this court. There, as here, the affidavit of mailing the notice of delinquent L.I.D. assessments was not filed before the foreclosure and sale. In *Crider,* unlike the present case, however, a proper mailing had in fact been made and an affidavit of mailing was later filed. In *Crider,* the party attacking the validity of the sale was also found to have been fully aware of the assessment and sale prior to the tax sale taking place. The foreclosure and sale were there upheld on the basis that although the proof of mailing of the notice had not been timely filed, "[i]t is the *fact* of service, and not the *proof* of service, that gives the court jurisdiction." (Italics ours.) *Crider v. Othello, supra* at 539.

In the present case, however, neither the fact of service was proven nor proof of service ever filed. The statutory condition precedent was thus not met. RCW 35.50.030 (footnote 2). The trial court was without jurisdiction and the judgment of foreclosure and deed are void. *Rockwood v. Turner,* 89 Wash. 356, 154 P. 465 (1916); *Title & Trust Co. v. Columbia Basin Land Co.,* 136 Wash. 63, 238 P. 992 (1925); *Case v. Bellingham,* 31 Wn.2d 374, 197 P.2d 105 (1948).

Since the trial court was devoid of jurisdiction, the statutory presumption of the regularity of all proceedings culminating in the local improvement assessment deed, RCW 35.50.210, is not applicable.

---

assessment or delinquent installments thereof by proceedings brought in its own name in the superior court of the county in which the city or town is situate.

"The proceedings shall be commenced on or before March 1st of that year or on or before such other date in such year as may be fixed by general ordinance, but not before the city or town treasurer has mailed to the persons whose names appear on the assessment roll as owners of the property charged with the assessments or installments which are delinquent, at the address last known to the treasurer, a notice thirty days before the commencement of the proceedings.

"The notice shall state the amount due upon each separate lot, tract, or parcel of land and the date after which the proceedings will be commenced. The city or town treasurer shall file with the clerk of the superior court at the time of commencement of the foreclosure proceeding the affidavit of the person who mailed the notices. This affidavit shall be conclusive proof of compliance with the requirements of this section." RCW 35.50.030.

■ The Carters also ask that we declare the statutes pertaining to foreclosure of assessments for local improvements to be violative of the constitutional right to due process of law insofar as such statutes purport to authorize property to be sold on notice going only to "persons whose names appear on the assessment roll as owners of the property charged with the assessments", RCW 35.50.030 (footnote 2), without also notifying all titleholders of record.[3] Having based our holding on the ground stated, we do not address this argument.

It is a basic rule of judicial restraint that the issue of the constitutionality of a statute will not be passed upon if the case can be decided without reaching that issue. *Kirkland v. Steen*, 68 Wn.2d 804, 809, 416 P.2d 80 (1966). *Accord, Ohnstad v. Tacoma*, 64 Wn.2d 904, 907, 395 P.2d 97 (1964).

Reversed and remanded with instructions to set aside the local improvement assessment deed of May 16, 1975, whereby the treasurer of the City of Everett purported to convey the Carters' property to Palzer.

FARRIS, C.J., and CALLOW, J., concur.

Reconsideration denied March 15, 1978.

Review by Supreme Court pending July 21, 1978.

[3] We note that the statute providing for the foreclosure of property to satisfy delinquent property taxes, RCW 84.64.050, has since 1972 required the treasurer to order or conduct a title search of the property to be sold and among other things, to ascertain and notify any record titleholders different from those appearing on the treasurer's rolls. Laws of 1972, 1st Ex. Sess., ch. 84, § 2, p. 175. Although such additional effort and expense is not a stated statutory requirement in foreclosing on L.I.D. assessments, it is further noted, as an affidavit herein points out, that in Everett at the times referred to, the title company "would furnish the name of a recorded owner of a parcel of real estate (particularly recorded plats) for free on the phone if the request was made, or that alternatively one could go to the title insurance company and secure such information without charge as a general rule."