[No. 8398–1–II.   Division Two.   July 9, 1987.]

PIERCE COUNTY, *Respondent,* v. ANTHONY SCHWAB, *Appellant.*

*Anthony Schwab,* pro se.

*John W. Ladenburg, Prosecuting Attorney,* and *Robert P. Dick, Deputy,* for respondent.

PETRICH, J.—Anthony Schwab, who owns four parcels of real property through a tax deed issued in a tax foreclosure sale, appeals a superior court judgment foreclosing demolition liens which existed before and during the foreclosure sale. Schwab contends the foreclosure sale extinguished the demolition liens and barred actions thereon, and that two of the four liens are invalid because the City failed to follow statutory procedure. We disagree and affirm.

The facts are undisputed. The City of Tacoma initiated proceedings under RCW 35.80 to require the repair or demolition of four structures. When the owners failed to cooperate, the City demolished the structures. The complaints seeking demolition were filed with the Pierce County Auditor, but the City did not file its order of demolition with the Pierce County Auditor in two of the four proceedings. The city treasurer issued certificates (in 1971, 1972, 1974 and 1975) for demolition costs to the Pierce County Treasurer. Upon certification to the county treasurer, the demolition assessments were entered on the tax rolls against the property as part of the general taxes for that year. The assessments constitute liens against the property of equal rank with state, county and municipal taxes. RCW 35.80.030(1)(h).

In 1975, when the 1970 real property taxes on all four parcels became delinquent for 5 years, the Pierce County Treasurer issued certificates of delinquency on each parcel. The certificates were filed with the clerk of the court, and foreclosure proceedings were initiated. At that time none of the demolition liens was delinquent for 5 years or more. The liens for the unpaid real property taxes were foreclosed in November 1975. Anthony Schwab purchased the four parcels at the foreclosure sale and received tax deeds on December 19, 1975.

At the foreclosure sale all prospective bidders were advised that sales were subject to special assessment liens of other taxing districts, and that "Tacoma City LID's or others when known will be announced." However, the demolition liens were not mentioned, although those liens were in the public record. The amounts for the demolition liens were not included in the minimum bid or the foreclosure judgment, even though they were certified to the county treasurer well before the 1975 tax foreclosure proceedings.

Schwab refused to pay the balances due on the demolition liens. When the liens became delinquent for 5 years, two separate foreclosure proceedings were initiated, and later consolidated. The liens plus interest, penalties, and costs were declared prior and paramount liens on three of the four disputed parcels and ordered foreclosed. The remaining parcel was the subject of an earlier condemnation award, and by stipulation its disbursement will abide the outcome of this litigation.

Schwab makes four arguments that the 1975 foreclosure sale extinguished or barred actions on the demolition liens.

We consider first Schwab's argument that, in the absence of a statute to the contrary, the 1975 foreclosure sale wiped out all then existing liens for delinquent taxes. He claims that while there is statutory authority providing for the survival of local improvement district assessments under RCW 35.49.120, no similar statutory authority exists for unpaid general tax liens.

However, the 1975 proceeding was expressly limited to the real property tax liens. The treasurer proceeded "to foreclose in the name of the county, the tax liens embraced in such certificate." The 1975 foreclosure proceeding specified liens "for Delinquent Real Property Taxes for the Year 1970 and Some Prior Years," and by its terms did not affect later liens. Tax liens which arose after 1970 could not have been foreclosed in the 1975 tax foreclosure proceedings because they were not then delinquent for 5 years. It is true that the minimum bid should have included all delinquent taxes. RCW 84.64.200.[1] However, this "is the only manner in which taxes for subsequent years enter into the foreclosure proceeding." *State ex rel. Seattle v. King Cy.*, 4 Wn.2d 589, 594–95, 104 P.2d 575 (1940).

Moreover, there is considerable legal authority that the demolition liens survived the foreclosure sale. Tax liens can be canceled by a foreclosure sale only where the county, not an individual, is the purchaser. *Palzar v. Tacoma,* 17 Wn. App. 745, 749, 565 P.2d 1191 (1977), *review denied,* 89 Wn.2d 1013 (1978). RCW 84.60.020 states that taxes upon real property "shall be a lien thereon . . . until the same are paid". In the absence of a provision to the contrary, a lien for taxes continues until the taxes, interests, and costs are paid. 16 E. McQuillin, *Municipal Corporations* § 44.147 (3d ed. 1984). A purchaser at a tax sale takes without warranty and subject to caveat emptor. *Brower v. Wells,* 103 Wn.2d 96, 108, 690 P.2d 1144 (1984).

Schwab's second argument is that the 1981 amendment to RCW 84.64.200 establishes that before 1981 demolition liens did not survive tax foreclosure sales. We disagree. The amended portion reads:

---

[1]During the 1975 tax foreclosure proceedings RCW 84.64.200 (Laws of 1961, ch. 15, § 84.64.200) in pertinent part provided: "all bidders except the county at sales of property for which certificates of delinquency are held by the county shall pay the full amount of taxes, interests and costs for which judgment is rendered, together with all taxes, interests and costs for all subsequent years due on said property at the date of sale."

all bidders except the county at sales of property for which certificates of delinquency are held by the county shall pay the full amount of taxes, interest and costs for which judgment is rendered, together with all taxes, interest and costs *which are delinquent at the time of sale, regardless of whether the taxes, interest, or costs are included in the the judgment.*

(Italics ours.) Laws of 1981, ch. 322, § 6. The amendment is merely a clarification in light of the change authorizing certificates of delinquency for *all* taxes when there is a 3–year delinquency. Former RCW 84.64.050 (Laws of 1981, ch. 322, § 4). The presumption that a new legislative enactment amends rather than clarifies the law is rebutted if the statute is surrounded by doubt or ambiguity, as here. *Bowen v. Statewide City Employees Retirement Sys.*, 72 Wn.2d 397, 403, 433 P.2d 150 (1967).

Schwab's third argument is that under RCW 84.64.080 and RCW 84.64.180 he acquired title free of the unpaid assessment lien. We disagree. RCW 84.64.080 simply provides that the tax deed vests title to the property in the grantee. RCW 84.64.180 declares (among other things) that the tax deed is prima facie evidence that the property was sold for taxes, interest and costs as reflected in the deed, and that the sale was conducted in the manner required by law. RCW 84.64.180 also declares that the judgment estops all parties from raising objections to the judgment or to a tax title based thereon. However, the County is not objecting to the judgment, deed or title, but simply foreclosing on delinquent demolition liens. RCW 84.64.080 and RCW 84.64.180 have no bearing on Schwab's claim that the foreclosure sale canceled all liens not included in the minimum bid or judgment.

Fourth, Schwab contends that the doctrines of res judicata and collateral estoppel bar the present foreclosure. However, the 1975 proceeding concerned general tax liens from 1970 and earlier years. The demolition liens were not and could not have been foreclosed by the 1975 proceeding. Res judicata does not apply because the subject matter and

causes of action are different in the 1975 and present foreclosure proceedings. Collateral estoppel does not apply because the issues in the two proceedings are different. *Seattle–First Nat'l Bank v. Kawachi*, 91 Wn.2d 223, 225–26, 588 P.2d 725 (1978).

Schwab cites *Seward v. Fisken*, 122 Wash. 225, 210 P. 378, 27 A.L.R. 1208 (1922), where the county treasurer issued a receipt for certain taxes paid, and was thereby estopped from asserting that they were unpaid. *Seward* is inapposite, for here there was no representation in the foreclosure sale concerning the demolition liens, only a representation that certain real property taxes were delinquent. Also, the County expressly cautioned that there might be other tax liens on the parcels.

Finally, in addition to his four arguments concerning the foreclosure sale, Schwab argues that the City's failure to file the demolition order with the county auditor as specified in RCW 35.80.030(1)(f) invalidates the demolition liens on two of the four parcels. We disagree.

Under RCW 35.80.030 an improvement board cites the owner of the premises to a hearing to determine whether a structure is unfit for use, and if so, the nature of corrective action which the owner must undertake. Demolition is one option. If the Board determines the structure unfit and specifies corrective action, the owner may appeal to an appeals commission and ultimately to the courts. If the owner does not appeal from the initial determination, the order is final, and a copy of the order is filed with the county auditor.

Filing the order gives notice to anyone who might be interested in the property that certain corrective action must be undertaken by the owner lest the property become subject to a lien. This protects anyone who might acquire an interest before the lien attaches. However, when the lien has already attached and a certificate is issued to the county treasurer, parties thereafter acquiring an interest have public notice of the lien. This is precisely Schwab's situation. He can show no prejudice by the failure to file

424

the order of demolition. Such oversight is a mere irregularity which does not invalidate the procedure. *Crider v. Othello,* 9 Wn. App. 536, 513 P.2d 571 (1973).

We do not reach the issue of Schwab's counterclaims.

Affirmed.

REED, C.J., and WORSWICK, J., concur.

Review denied by Supreme Court October 6, 1987.