IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| IN THE MATTER OF THE MARRIAGE OF ) | No. 34799-1-III |
| ) | |
| KELLI BENJAMIN, ) | |
| ) | |
| Respondent, ) | UNPUBLISHED OPINION |
| ) | |
| and ) | |
| ) | |
| GREG BENJAMIN, ) | |
| ) | |
| Appellant. ) | |

FEARING, C.J. — Greg Benjamin appeals from the trial court's denial of his motion to vacate a dissolution decree and parenting plan entered in 2009. We affirm.

PROCEDURE

Only the facts transpiring after litigation began bear relevance to this appeal. On September 3, 2008, Kelli Benjamin petitioned for dissolution of her marriage to Greg Benjamin and filed a proposed parenting plan for the care of the couple's six-year-old daughter. On the same day, Kelli requested an ex parte restraining order against Greg. Kelli alleged she feared Greg's presence due to his history of violence, pending assault charges, and verbal threats. The court granted the restraining order and scheduled a show

cause hearing for September 16, 2008. The court continued the hearing twice because Kelli was unable to serve Greg.

On October 10, 2008, Kelli Benjamin sought a court order permitting service of Greg Benjamin by mail at his last known address on East 8th Avenue, in Spokane. She requested service by mail because she could not locate Greg within Washington State and because he concealed himself to avoid service of process. In support of her application, Kelli filed a sheriff's return of service, wherein Spokane County Sheriff Ozzie Knezovich certified that, after three attempts, he was unable to serve Greg at the 8th Avenue address. The trial court granted Kelli's request. The court's order provided that Kelli must complete a return of service form to confirm the mailing. Our record lacks any return of service.

The trial court continued a hearing on Kelli Benjamin's petition for dissolution of marriage and proposed parenting plan three more times because Greg Benjamin remained unserved. Based on both parties' failure to respond to requests by the court regarding the status of the pending dissolution case, the court ordered Kelli and Greg Benjamin to appear on January 22, 2009 and show cause why the case should not be dismissed. The court dismissed the case on January 23, 2009. The order of dismissal confirmed the court mailed a copy of the order to Kelli. The order did not confirm its mailing to Greg.

On March 13, 2009, Kelli Benjamin moved the court to vacate its dismissal. The court found good cause to grant her motion and vacated the dismissal.

2

On May 7, 2009, Kelli Benjamin asked the court for an order allowing service by publication. She again averred that she could not find Greg Benjamin in this state and he concealed himself to avoid service of summons. Kelli declared that she "tried to serve [Greg] by paying police, certified mail and had other copies of divorce made for others to serve [him] and cannot locate him." Clerk's Papers (CP) at 71. She also certified that she mailed a copy of the summons in an envelope addressed to Greg's residence. Kelli did not disclose the identities of those individuals who attempted service on Greg. The court granted Kelli's motion to publish service.

Kelli served Greg by publication in the *Liberty Lake Splash* on six consecutive weeks from May 14, 2009 through June 18, 2009. The *Liberty Lake Splash* is a weekly newspaper with general circulation in Liberty Lake and growing city's environs in Spokane County. In May 2001, Spokane County approved the *Liberty Lake Splash* as a legal newspaper. Kelli submitted to the court proof of service by publication in the form of a declaration from Joshua Johnson, the publisher of the *Liberty Lake Splash*.

On August 7, 2009, Kelli Benjamin filed a motion for default based on Greg Benjamin's failure to appear. The trial court issued an order of default on the same day.

On August 27, 2009, the court entered a decree of dissolution. The decree continued the restraining order against Greg and prohibited him from entering his daughter's home or school or coming within two city blocks of her. On August 27, the trial court also entered Kelli's proposed parenting plan. The plan placed the daughter

3

with Kelli and restricted Greg's residential time with the daughter based on a history of acts of domestic violence. The parenting plan recorded that Greg's conduct might adversely affect his daughter because of domestic abuse that created the danger of serious damage to the child's psychological development. The parenting plan, however, granted Greg residential time with his daughter every other Thanksgiving, every Christmas Eve, every Father's Day, and every other one of her birthdays.

On October 10, 2009, Kelli Benjamin filed a petition to extend the domestic violence protection order. The Spokane Police Department attempted to serve Greg Benjamin with the petition on four occasions to no avail. A police officer attested that "[Greg's] truck was at the address every time I went there. The one time someone came to the door they were uncooperative. I sat at the address for 1 ½ hours with no luck." CP at 244. The trial court ordered that Kelli serve the extension request by mail. The court entered three ex parte orders for renewal of the order due to a lack of service on Greg. Then on November 5, 2009, the trial court dismissed Kelli's petition for renewal because Kelli did not attend court that day.

On October 13, 2015, six years after entry of the dissolution decree and parenting plan, Greg Benjamin filed a petition to modify the parenting plan. On December 8, 2015, the trial court found adequate cause for the petition and, as of June 29, 2016, trial was pending. With his petition, Greg averred that he had visited twice a week with his daughter at his home for eight to nine years.

4

On May 23, 2016, Greg Benjamin filed a motion to vacate the August 27, 2009 dissolution order and parenting plan entered by default. In addition to noting clerical errors in the documents, Greg argued that Kelli did not exercise reasonable diligence in attempting to personally serve him and that Kelli misled the court regarding her ability to serve him. In support of his contention, Greg attached an insurance check from 2010 addressed to both himself and Kelli and a 2007 computer entry from Oz Fitness that indicated he remained on Kelli's account as her husband. Greg claimed he did not learn of the dissolution proceedings until October 5, 2015. In response to Greg Benjamin's motion to vacate, the court ordered a show cause hearing.

Kelli Benjamin filed a counter-motion for attorney's fees due to Greg's bad faith and intransigence in bringing the motion to vacate without a legal basis. She contended that Greg did not file the motion within a reasonable time and not within a year. In a supporting declaration, Kelli denied that Greg lacked knowledge of the dissolution proceedings and cited to a declaration dated October 13, 2015 wherein Greg allegedly admitted that he knew about the divorce and "'did not want to rock the boat.'" CP at 131. Our record lacks an October 13, 2015 declaration.

During oral argument on Greg Benjamin's motion to vacate, Greg maintained that he knew not of the dissolution proceedings until October 15, 2015 when Kelli personally served him with the 2009 dissolution orders. Greg stated that he lacked any reason to believe Kelli attained a divorce. He emphasized a series of alleged facts: (1) he remained

5

in contact with Kelli by attending dinners and games with their children, (2) he remained on Kelli's Oz Fitness account as her husband until 2014, (3) he frequented Oz Fitness almost every day to exercise and Kelli worked at Oz Fitness, (4) his sisters worked with Kelli at Oz Fitness, but she never asked them to serve him, (5) until August 2010, he maintained the same permanent residence on 8th Avenue, the home he shared with Kelli and their children, and (6) he never received the 2009 pleadings by mail.

At the show cause hearing, Kelli Benjamin's counsel informed the trial court that Greg Benjamin conceded, in a previous declaration, knowledge of the finality of the divorce as late as 2012. Counsel argued, based on this acknowledgment, that the passage of time barred Greg from vacating the default because (i) he did not file his motion within one year, and (ii) even if Kelli committed fraud, Greg did not bring his motion within a reasonable amount of time.

The trial court denied Greg Benjamin's motion to vacate because Greg failed to establish a basis for vacation under CR 60. In its written order denying the motion, the court found that (1) Kelli published service, during May and June 2009, in an approved newspaper for Spokane County, (2) Kelli oddly failed to file proof of mailing after obtaining two orders to serve by mail, but this failure likely does not show that Kelli misled the court or committed fraud, (3) the sheriff's office and the police department similarly experienced difficulty in completing service of process on Greg, and (4) in a domestic violence proceeding, Greg was personally served and did not appear.

6

## LAW AND ANALYSIS

On appeal, Greg Benjamin contends that the trial court erred when denying his motion to vacate the court's August 27, 2009 dissolution order and parenting plan. He argues that Kelli Benjamin fraudulently obtained the default judgment and that Kelli improperly served him such that the orders are void. Kelli rejects Greg's arguments on the merits. She also argues that, because Greg failed to personally serve her with the order to show cause to vacate the decree and because Greg untimely filed the motion to vacate, this court should not or cannot hear the merits of the motion.

This court reviews a trial court's decision on a motion to vacate an order of default or default judgment for abuse of discretion. *Morin v. Burris*, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). Discretion is abused if it is exercised on untenable grounds or for untenable reasons. *Morin v. Burris*, 160 Wn.2d at 753. A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard. *Mitchell v. Washington State Institute of Public Policy*, 153 Wn. App. 803, 821-22, 225 P.3d 280 (2009).

CR 60, on which the trial court relied, applies to all judgments, not only judgments obtained by reason of a default by the defendant. CR 60(b) reads, in relevant part:

> **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .

7

(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(5) The judgment is void;
. . . .
(7) If the defendant was served by publication, relief may be granted as prescribed in RCW 4.28.200;
. . . .
The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken.

In total, CR 60(b) catalogs eleven grounds for vacation of a judgment, the first three grounds of which must be brought within one year of the entry of the judgment or order. The remaining grounds must be brought within a reasonable amount of time, except under CR 60(b)(5), which impliedly directs a court to vacate a default judgment that is void regardless if the motion is not brought within a reasonable amount of time. Greg Benjamin relies on CR 60(b)(4), (5), and (7) in his appeal.

Initially, Kelli Benjamin argues the motion is moot because Greg never personally served her with the order to show cause. She emphasizes that Greg's return of service identifies service on Kelli's attorney's office, but she never agreed to service on her counsel. Nevertheless, Kelli did not raise this argument before the trial court.

A party may not generally raise a new argument on appeal that the party did not present to the trial court. *In re Detention of Ambers*, 160 Wn.2d 543, 557 n.6, 158 P.3d 1144 (2007). A party must inform the trial court of the rules of law she wishes the court to apply and afford the trial court an opportunity to correct any error. *Smith v. Shannon*,

8

100 Wn.2d 26, 37, 666 P.2d 351 (1983). This court may decline to consider an issue inadequately argued below. *International Association of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 37, 42 P.3d 1265 (2002); *Mid Mountain Contractors, Inc. v. Department of Labor & Industries*, 136 Wn. App. 1, 8, 146 P.3d 1212 (2006).

We decline to address Kelli Benjamin's argument of improper service. In her appeal brief, she fleetingly mentions that Greg failed to follow the procedure to vacate the judgment by personally serving her with process and she contends such failure renders the motion moot. Kelli, however, does not cite any legal authority. Kelli also does not explain why she never raised this issue before the trial court.

Kelli Benjamin next challenges the timeliness of Greg Benjamin's motion to vacate. She contends that Greg did not file his motion within a reasonable time as required by CR 60(b). We note that the trial court did not address timeliness. CR 60(b) demands that the movant bring the motion within a reasonable time. What constitutes a reasonable time must be determined by the facts and circumstances of the case, but the critical period is the time between when the party becomes aware of the order and when he or she filed the motion to vacate it. *Luckett v. Boeing Co.*, 98 Wn. App. 307, 312, 989 P.2d 1144 (1999).

Greg Benjamin filed his motion to vacate on May 23, 2016, more than six years after the dissolution decree. Greg claims that he did not know about the dissolution until October 2015. At the advice of counsel, he petitioned the court for modification of the

9

parenting plan instead of attempting to vacate the dissolution. At some point thereafter, Greg parted ways with his counsel and then filed the motion to vacate, which is the manner in which he claims he originally wanted to proceed. Based on Greg's testimony, the trial court could reasonably conclude that seven months was a reasonable time between becoming aware of the final orders, coordinating with legal counsel, and filing the motion to vacate. Therefore, we affirm the motion to vacate on other grounds.

Greg Benjamin first contends that the trial court erred in denying his motion to vacate under CR 60(b)(4) because Kelli Benjamin obtained the default judgment decree by fraudulently declaring that she exerted effort to, but could not, locate him to effectuate service. He argues that Kelli filed a false affidavit to obtain an order to provide service by publication when she never mailed the pleadings to him.

Under CR 60(b)(4), the trial court may vacate a judgment procured by fraud, misrepresentation, or misconduct. CR 60(b)(4) targets judgments unfairly obtained, not factually incorrect judgments. *Peoples State Bank v. Hickey*, 55 Wn. App. 367, 372, 777 P.2d 1056 (1989). Stated differently, CR 60(b)(4) concerns itself with procedural, rather than substantive, fraud. For this reason, a party seeking vacation of a judgment under CR 60(b)(4) must demonstrate that the fraud or misrepresentation caused the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense. *Lindgren v. Lindgren*, 58 Wn. App. 588, 596, 794 P.2d 526 (1990); *Peoples State Bank v. Hickey*, 55 Wn. App. at 372. The alleged fraud or

10

misrepresentation must be established by clear and convincing evidence. *Peoples State Bank v. Hickey*, 55 Wn. App. at 372.

The record does not establish, by clear and convincing evidence let alone a preponderance of evidence, that Kelli Benjamin committed fraud or misled the court. Greg Benjamin's allegations of fraud or misrepresentation rest almost exclusively on his self-serving, conclusory declarations. Greg submitted a 2010 insurance check payable to himself and Kelli and a 2007 computer entry for a fitness membership to Oz Fitness where Greg is listed as Kelli's husband. The computer entry comes from before the dissolution. The check established nothing about Kelli knowing the whereabouts of Greg or whether Greg evaded process services.

The trial court rejected Greg Benjamin's contention that Kelli obtained the default judgment by fraud. This rejection required the trial court to weigh the credibility of the parties. This court does not review credibility determinations on appeal. *In re Marriage of Rideout*, 150 Wn.2d 337, 350, 77 P.3d 1174 (2003). The trial court did not abuse its discretion in declining to vacate the decree under CR 60(b)(4).

Greg Benjamin also contends that the trial court should have granted his motion under CR 60(b)(5) because the judgment was void. He argues service was ineffective, and the trial court violated his due process rights by upholding the 2009 orders.

A judgment entered in a proceeding failing to comply with procedural due process requirements is void. *In re Marriage of Ebbighausen*, 42 Wn. App. 99, 102, 708 P.2d

11

1220 (1985). A judgment entered without jurisdiction over the parties is void. *Marley v. Department of Labor & Industries*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994). Proper service of the summons and complaint is a prerequisite to the court obtaining jurisdiction over a party, and a judgment entered without such jurisdiction is void. *Woodruff v. Spence*, 76 Wn. App. 207, 209, 883 P.2d 936 (1994).

Greg Benjamin first contends that Kelli failed to act with reasonable diligence in attempting to personally serve him and thus the trial court should not have permitted service by publication. Prior to serving Greg by publication, Kelli attempted to personally serve him through the sheriff's department and then by mail.

CR 4(c) permits service of summons to be completed by either (i) the sheriff of the county wherein the service is made, or (ii) any person over eighteen years of age who is not a party and is competent to be a witness in the action. Under CR 4(g)(1), if the sheriff effectuates service, proof of service is satisfied on the return of the sheriff's endorsement. Kelli filed a sheriff's return of service wherein Sheriff Ozzie Knezovich attested that he attempted to serve Greg three times, but was unsuccessful. As a result, Kelli requested and the court ordered service by mail.

Under CR 4(d)(4), service by mail is permitted under "circumstances justifying service by publication" and if the serving party demonstrates, by affidavit, facts showing that service by mail is just as likely to give actual service by publication. An affidavit filed in support of service by mail must contain every requirement found in RCW

12

4.28.100, except for the requirement that the plaintiff must first mail a copy of the summons and complaint to defendant prior to obtaining an order to allow service by mail. *Jones v. Stebbens*, 122 Wn.2d 471, 481, 860 P.2d 1009 (1993). An affidavit is sufficient where it clearly shows all the conditions required, although it does not literally follow the wording of the statute. *Jones v. Stebbens*, 122 Wn.2d at 482 (citing *Jesseph v. Carroll*, 126 Wash. 661, 666, 219 P. 429 (1923)).

Former RCW 4.28.100 (2005) provides in relevant part:

When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes the defendant is not a resident of the state, or cannot be found therein, that he has deposited a copy of the summons . . . and complaint in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases:

. . . .

(2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent.

Kelli Benjamin's declaration showed facts satisfying the requirements of RCW 4.28.100. The facts demonstrated that Greg Benjamin, a Washington resident, concealed himself for the purpose of avoiding service and that Kelli exercised reasonable diligence to locate Greg by hiring the sheriff's office, who made three attempts at service.

Greg Benjamin correctly notes that Kelli Benjamin never filed proof of service by mail. Nonetheless, the lack of a return of service is irrelevant. Under CR 4, failure to

13

make proof of service does not affect the validity of the service. CR 4(g)(7); *Jones v. Stebbens*, 122 Wn.2d at 482 (1993). When the petitioner serves process by publication or mailing, the failure to file proof of notice amounts to a mere irregularity. *Jones v. Stebbens*, 122 Wn.2d at 482 (citing *Crider v. Othello*, 9 Wn. App. 536, 538, 513 P.2d 571 (1973)).

The record demonstrates that, after Kelli Benjamin sought to serve by mail, Greg Benjamin remained unserved. Accordingly, Kelli requested to serve Greg by publication. We now evaluate the validity of service by publication.

The trial court allowed service on Greg Benjamin by publication in accordance with former RCW 4.28.100. We already cited portions of the statute, but repeat some portions here:

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his or her attorney in any of the following cases:
>
> . . . .
>
> (2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent;
>
> . . . .
>
> (4) When the action is for (a) establishment or modification of a

14

parenting plan or residential schedule; or (b) dissolution of marriage, legal separation, or declaration of invalidity, in the cases prescribed by law.

The court order authorizing publication did not identify any subsection of the statute. RCW 4.28.100(4) authorizes service by publication in dissolution proceedings. *In re Marriage of Powell*, 84 Wn. App. 432, 437, 927 P.2d 1154 (1996). Reliance on subsection (4), the pendency of a dissolution action, however, does not secure personal jurisdiction such that the court could resolve all issues in a dissolution. *In re Marriage of Logg*, 74 Wn. App. 781, 786, 875 P.2d 647 (1994). Accordingly, Kelli must rely on RCW 4.28.100(2) to establish personal jurisdiction. *In re Marriage of Logg*, 74 Wn. App. at 786.

RCW 4.28.100 permits summons by publication if (i) the defendant cannot be found in the state, (ii) the plaintiff files an affidavit stating that she believes the defendant cannot be found in the state, (iii) a copy of the summons has been mailed to the defendant's address, if known, and (iv) the plaintiff's affidavit declares that the defendant, being a resident of the state, departed therefrom with intent to defraud his creditors, to avoid the service of a summons, or keeps himself concealed therein with like intent. *In re Marriage of Logg*, 74 Wn. App. at 785. Kelli Benjamin averred that Greg Benjamin could not be found in the state and concealed himself to avoid service of the summons. Kelli stated she unsuccessfully attempted to locate Greg and serve him by "paying police, certified mail and had other copies of [the] divorce made for others to

15

serve [him]." CP at 71. She also certified that she deposited a copy of the summons in the post office, directed to Greg's place of residence. Accordingly, Kelli complied with the dictates of RCW 4.28.100.

Evidence supported Kelli Benjamin's declaration that Greg concealed himself to avoid service by summons. In the related domestic violence proceeding, the Spokane Police Department attempted to serve Greg at his 8th Avenue address on four separate occasions with no luck. A sheriff deputy attested that he saw Greg's truck on each occasion. On one occasion, someone answered the door but refused to cooperate. On another occasion, the deputy sat at the address for one and one-half hours.

Greg Benjamin challenges Kelli's use of the *Liberty Lake Splash* for publication. RCW 4.28.110 establishes the manner of publication and form of summons. Publication must be in a newspaper of general circulation in the county where the plaintiff filed suit. The *Liberty Lake Splash* fulfilled this requirement. The newspaper's publisher declared that he published Kelli's summons for six consecutive weeks from May 14, 2009 through June 18, 2009, fulfilling another statutory dictate. Greg does not challenge the contents of the summons published. Therefore, Kelli satisfied the publication requirements.

Greg Benjamin last assigns error to the trial court's denial of his motion to vacate under CR 60(b)(7). CR 60(b)(7) allows a trial court to relieve a party from a final order if the defendant was served by publication as prescribed in RCW 4.28.200, but not in a dissolution action. Nevertheless, Greg fails to follow RAP 10.3(a)(6)'s requirement to

16

include in his brief an argument in support of this final assignment of error, together with citations to legal authority and references to relevant parts of the record. He omits any reference to RCW 4.28.200's exclusion of marriage dissolution actions. This court does not consider conclusory arguments that are unsupported by citation to authority. *Joy v. Department of Labor & Industries*, 170 Wn. App. 614, 629, 285 P.3d 187 (2012). Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration. *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Therefore, we decline to review this issue.

Kelli Benjamin requests attorney fees be awarded against Greg. She wrote in her brief:

> Ms. Benjamin requests pursuant to RAP 14 that her attorney fees be paid to her. Attorney fees are appropriate as this appeal presented no genuine issues of merit for review.

Amended Resp't Br. at 10. RAP 14.3(a) only allows statutory attorney fees, not reasonable attorney fees, along with other costs. Since Kelli prevails on appeal, we grant her costs available under RAP 14.3(a). Our court commissioner will determine the amount of costs on the filing of a cost bill.

## CONCLUSIONS

We affirm the trial court's denial of Greg Benjamin's request to vacate the 2009 dissolution decree and parenting plan. We grant Kelli Benjamin's request for costs on

17

No. 34799-1-III
*In re Marriage of Benjamin*

appeal.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, J.

18