[No. 30153-5-I.   Division One.   August 10, 1992.]

ALEX LEPESKA, *Respondent,* v. FREDERICK FARLEY,
ET AL, *Petitioners.*

*Iro Richard Lassman,* for petitioners.

*Stanley J. Rumbaugh* and *Rumbaugh & Rideout,* for
respondent.

PER CURIAM. — Frederick Farley seeks discretionary review of the January 30, 1992, order entered in King County Superior Court determining that service of process was sufficient. We grant discretionary review, accelerate review pursuant to RAP 18.12, and reverse the trial court.

## FACTS

On June 1, 1988, Alex Lepeska was in a motorcycle accident. On May 29, 1991, only 2 days before expiration of the statute of limitations, Lepeska filed a complaint in King County Superior Court against Frederick Farley and Jane Doe Farley seeking damages as a result of Farley's alleged negligence in causing the accident.

On July 7, 1991, a process server served a summons and complaint on Amanda Farley, defendant's mother, at her residence located at 11119 Woodinville Drive, Woodinville, Washington. This is the residence address provided by Farley to the police officer investigating the motorcycle accident. Amanda Farley wrote a letter to Lepeska's attorney, returning the summons and complaint, stating that she is Frederick's mother, not his wife, and that Frederick was not a permanent resident of her household. Lepeska's attorney received a similar letter from Farley's insurer.

On August 14, 1991, Lepeska's attorney received a letter from Frederick Farley. Farley accused Lepeska of "harassing" Farley's family and warned him to stop. Farley also denied involvement in the accident, indicating the investigating officer listed him as a witness, not a participant in the accident. The letter indicates Farley's return address is Box 862, Seahurst, Washington 98062.

On August 26, 1991, Lepeska filed a request for an order allowing service by mail pursuant to CR 4(d)(4). An order authorizing service by mail was signed by a court commissioner on August 26, 1991, the 89th day following filing of the complaint. On that same day, Lepeska mailed a copy of the summons and complaint to Farley at his Seahurst post office box.

On January 8, 1992, Lepeska filed a motion for default against Farley. Farley defended against the motion on the

basis that service of process was insufficient and thus the court had never acquired jurisdiction over him. Farley's supporting affidavit states in part:

> My primary employment is as a high school teacher for the Highline School District. I have been teaching there since 1979. During the school year I live in Burien at 14204 11th Avenue S.W. As soon as school is out, I begin my summer employment as a statistician and historian for the Unlimited Racing Commission. . . .
>
> In 1991, school ended on June 20th and I immediately left for Evansville, Indiana to begin my summer employment. My work also took me to Madison, Indiana and I did not return to the Seattle area until the end of July. I visited with my parents for a few days and then left for the Tri Cities for the hydroplane races there.
>
> I do not live with my parents who reside in the Bothell area. I have my own residence in Burien. I have my own telephone number although it is unlisted. I have had a listed number in the past but used to receive threatening and harassing calls from students so I changed the listing. I do not customarily receive mail at my parent's [sic] home. I have a post office box at one of the Burien branch post offices. I maintain a post office box because of my summer travel. I have not authorized my parents to act for me in legal matters and they are not authorized to accept legal papers on my behalf.
>
> I have never attempted to conceal myself to avoid being served. The first knowledge I had of the lawsuit was when my parents told me they had been served. I have worked for the same employer in Burien for the past twelve years and could have been contacted there at any time during the school year. No one ever attempted to contact me regarding Mr. Lepeska.

On January 30, 1992, the trial court entered an order determining that service of process was sufficient and denying the motion for default judgment.

## DECISION

Lepeska filed his complaint just 2 days short of the expiration of the statute of limitations. Under RCW 4.16.170,[1]

---

[1] RCW 4.16.170 provides:

"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from

he had 90 days within which to perfect commencement of the action by serving defendant Frederick Farley. Farley argues that both methods of service, substitute service and alternative service by mail, were insufficient and thus the trial court committed reversible error by determining that service of process was sufficient. We agree.

In personam jurisdiction over resident individuals is obtained either by serving the defendant personally or by substitute service, *i.e.*, "leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(15) (former subsection 14). The first issue in this case is whether the summons was left at the defendant's house of usual abode.

Substitute service was attempted on Farley at his parents' home. While Farley may or may not have been living with his parents 3 years earlier when he provided the investigating officer with that address, he avers he was not living there at the time of service. According to his affidavit, he did not live with his parents, but maintained his own household in Burien, near his job. His affidavit also states that during the summer months of 1991, he was on the road with his summer job.

Under Washington case law, service on Farley at his parents' home, when he maintained his own separate home, fails to comply with the substitute service statute. In *John Hancock Mut. Life Ins. Co. v. Gooley*, 196 Wash. 357, 83 P.2d 221, 118 A.L.R. 1484 (1938), plaintiff served defendants' daughter-in-law in the hotel room temporarily occupied by defendants. The court held service was insufficient, in part, because the hotel room was not the defendants' house of usual abode. In *Wilbert v. Day*, 83 Wash. 390, 145 P. 446 (1915),

the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."

plaintiff served defendant's wife at a house in Spokane where she was temporarily living while their child received medical treatment. Because the undisputed evidence showed defendant and his wife lived in Idaho, the court held the substitute service was insufficient. In *Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces*, 36 Wn. App. 480, 674 P.2d 1271 (1984), plaintiff served defendants at their son's house in Federal Way. Because the parents lived in Kent, and not with their son, the court held the substitute service was invalid.

Lepeska doesn't take issue with the facts or attempt to argue that service was at the house of the defendant's usual abode. Instead, relying upon *Wichert v. Cardwell*, 117 Wn.2d 148, 812 P.2d 858 (1991), Lepeska maintains that literal compliance with the statute is not required so long as the means employed are reasonably calculated to provide notice. Since Farley received notice of the lawsuit, Lepeska argues service was sufficient. We reject Lepeska's interpretation of *Wichert*.

In *Wichert*, defendants were out of state when the process server served the papers on their adult daughter who had spent the night at their house. The defendants argued that because the daughter maintained her own home and only infrequently stayed at the defendants' house, she was not "resident" in their home. The court rejected the argument and held the substitute service, at defendants' home, was sufficient because the method employed was reasonably calculated to provide actual notice of the lawsuit and did indeed do so. The court, however, specifically distinguished *John Hancock* where service was attempted on defendants' daughter-in-law in the defendants' temporary hotel room. The court held that because the hotel room was not the defendants' abode, "the status of the recipient is not material." *Wichert*, at 153. Thus, while the court expanded the definition of "resident", the court affirmed the requirement that substitute service must be accomplished at the defendant's abode.[2]

---

[2] In *Fox v. Sunmaster Prods., Inc.*, 63 Wn. App. 561, 821 P.2d 502 (1991), *review denied*, 118 Wn.2d 1029 (1992), the court held that service on the daughter of the

In conclusion, the substitute service was invalid. We now address whether the alternative service by mail sufficed to commence Lepeska's action within the statute of limitations.

CR 4(d)(4) provides for alternative service by mail in circumstances justifying service by publication. Farley challenges the alternative service on two grounds, arguing that it was served outside the 90-day commencement period and that Lepeska's affidavit supporting the order of alternative service is insufficient. Finding the supporting affidavit is insufficient, we do not reach the question of whether service was timely.

Under RCW 4.28.100, service of a summons by mail is authorized in certain instances:

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases:
>
> . . . .
>
> (2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent . . ..

The statute does not authorize alternative service simply because the defendant cannot be found. *Kent v. Lee*, 52 Wn. App. 576, 579, 762 P.2d 24 (1988). Instead, the specific requirements of the statute must be satisfied. *Kent v. Lee, supra* at 579. Because the statute requires strict compliance, an "affidavit that omits the essential statutory elements is as good as

---

defendant corporation's registered agent at business offices was insufficient, in part, because it was not at the usual abode of the registered agent. The court distinguished *Wichert* because *Wichert* involved service at defendant's usual abode.

no affidavit at all." *Kent v. Lee, supra* at 579. Finally, while a plaintiff need not exhaust all conceivable means of personal service, the plaintiff is required to make an honest and reasonable effort to find the defendant. *Painter v. Olney*, 37 Wn. App. 424, 427, 680 P.2d 1066, *review denied*, 102 Wn.2d 1002 (1984).

In this case, the supporting affidavit sets forth the following: that Lepeska attempted to serve Farley by serving Amanda Farley, that Farley's attorney had not spoken with Farley and thus was "either unable or unwilling to advise where Defendant Farley resides," and that "despite diligent efforts on the part of your affiant, and his agents, a physical location for Mr. Farley cannot be determined."

■ The affidavit is deficient in several aspects. First, it fails to set forth any facts showing that Farley left the state with the intent to avoid process. Additionally, the affidavit simply states that Farley cannot be located; it fails to outline what, if any, attempts were made to locate Farley. Both omissions are fatal in light of the record that shows Farley did not leave the state, but instead had been employed for over 11 years with the Burien School District and that he traveled as part of his summer job. In the absence of any facts showing a diligent search was made for Farley, the conclusory statement that diligent efforts were made is insufficient. *See Brenner v. Port of Bellingham*, 53 Wn. App. 182, 187-88, 765 P.2d 1333 (1989) (conclusory affidavit that names and addresses of heirs "cannot be ascertained with reasonable diligence" was not sufficient).

The court erred by determining that service upon Farley was sufficient. The trial court is reversed and the case is remanded for dismissal of the plantiff's cause of action.

After modification, further reconsideration denied October 5, 1992.