[No. 28748-6-I.   Division One.   December 14, 1992.]

WALTER JONES, *Appellant*, v. ARLEN STEBBINS, ET AL, *Respondents*.

---

*A. Graham Greenlee,* for appellant.

*Thomas H. Murphy* and *Murphy & Elgot,* for respondents.

SCHOLFIELD, J. — Appellant Walter Jones appeals the dismissal of his personal injury action against Arlen Stebbins. We reverse.

Jones allegedly suffered personal injuries on April 18, 1986. The facts surrounding the accident are not significant to the issues we decide in this case. After taking an earlier voluntary nonsuit, Jones filed the complaint involved in this appeal on March 21, 1989. Stebbins was named as a defendant.

In May 1989, Jones retained a process server to serve the summons and complaint on Stebbins. The process server, Gary Kepka, was informed that Stebbins owned A-1 Automotive & Muffler at 23612 Military Road South in Kent, Washington, which was the address listed on Stebbins' driver's license. Kepka attempted to serve Stebbins at the A-1 Automotive address on several occasions. He was told each time that Stebbins was not there.

On June 15 at about 6:15 p.m., Kepka returned to A-1 and was told that Stebbins was in the office. On arriving at the office, Kepka found a man who he had talked to before and who had previously denied he was Stebbins. No one else was present. Kepka then informed the man that he had been told he was Stebbins and served him with the summons and complaint. According to Kepka, the man took the documents and said, "O.K."

Believing he had successfully served Stebbins, Kepka did not immediately notify Jones' counsel of the service. By June 19, 1989, counsel still had not been notified of service, and thus obtained an ex parte order permitting service on

Stebbins by certified mail. He mailed the summons and complaint to Stebbins at the A-1 address on the same day.

Stebbins filed his notice of appearance on July 11, 1989, and on November 27, 1989, answered the complaint raising as an affirmative defense the expiration of the 3-year statute of limitations. On March 11, 1991, Jones requested and was granted a continuance of the trial date until June 24, 1991. On April 15, 1991, Stebbins filed a motion to dismiss the action based on the running of the statute of limitations, which motion was granted.

## ATTEMPTED PERSONAL SERVICE

The first issue we decide is whether Stebbins was personally served prior to the running of the statute of limitations. Jones argues that because Stebbins represented his business address as being his home address, the substituted service on the individual at the business address was valid personal service. Jones also argues that because Stebbins concealed himself within the meaning of RCW 4.16.180, the time spent searching for Stebbins should be excluded from the period during which service could be accomplished.

Jones filed his complaint on March 21, 1989, and pursuant to RCW 4.16.170,[1] he had 90 days within which to commence his action by serving Stebbins.

In personam jurisdiction over resident individuals is obtained either by serving the defendant personally or by substitute service, *i.e.*, "leaving a copy of the summons at the house of his usual abode with some person of suitable

---

[1]RCW 4.16.170 provides:

"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."

age and discretion then resident therein." RCW 4.28.080(15) (formerly (14)).

Defendant presented considerable evidence before the trial court that he could not have been the person served at his business on June 15, 1989. Jones has offered nothing to refute this evidence. While it appears that Jones' action was dismissed on defendant's CR 12(b) motion, the record before the trial court on this issue compelled the conclusion that Stebbins was not the person served by Jones on June 15.[2]

Jones argues that Stebbins' business should be treated as his residence for purposes of service. However, even if Stebbins' business is treated as his residence, Jones has presented no evidence that the person served at Stebbins' business was a *resident* therein as required by RCW 4.28-.080(15). Indeed, there is no evidence in the record regarding the identity of the person served. Service on the unknown individual was not sufficient to give the trial court personal jurisdiction over Stebbins.

### SUBSTITUTED SERVICE

On June 19, 1989, the 90th day following filing of the complaint, the trial court entered an ex parte order finding that Stebbins was concealing himself within the state under RCW 4.28.100, and authorized service by mail to Stebbins' business address.

CR 4(d)(4) permits, pursuant to court order, service by mail as an alternative to service by publication in circumstances justifying service by publication.

Jones claims valid substituted service upon Stebbins in compliance with CR 4(d)(4). Stebbins argues, however, that in *Citizens Interested in Transfusion of Yesteryear v. Board of Regents*, 86 Wn.2d 323, 544 P.2d 740 (1976), the Supreme Court followed CR 5(b)(2)(A) and held that the presumption

---

[2]Jones contends that he should have been permitted to engage in discovery at trial into the veracity of defendant's witnesses. There is nothing to indicate this request was made to the trial court, and there is no explanation as to why Kepka, the process server, was not allowed to confront Stebbins for the purpose of possibly identifying him as the person he personally served at the business on June 15.

is that service by mail is not deemed complete until the third day following the date of mailing.

■ CR 5 applies to service and filing of pleadings and other papers *other than the original complaint.* CR 5(a).

While CR 5(b)(2)(A) does expressly provide that

> [t]he service shall be deemed complete upon the third day following the day upon which they are placed in the mail, unless the third day falls on a Saturday, Sunday or legal holiday, in which event service shall be deemed complete on the first day other than a Saturday, Sunday or legal holiday, following the third day[,]

the rule does not apply to this case because the mailing in this case was of the original complaint.

The *Citizens* court was technically correct in applying CR 5(b)(2)(A) to the facts of that case because there the attempted service by mail was of the summons and *amended complaint.*

Furthermore, the language of CR 4(d)(4) suggests that the date of mailing was intended as the date of completed service. The rule provides in part:

> The summons shall contain the date it was deposited in the mail and shall require the defendant to appear and answer the complaint within 90 days from the date of mailing. Service under this subsection has the same jurisdictional effect as service by publication.

The Supreme Court could not have considered the effect of this language on the 3-day presumption outlined in CR 5(b)(2)(A) because CR 4(d)(4) did not become effective until July 1, 1977, after *Citizens* was decided. *See* 88 Wn.2d 1111 (1977).

The portion of CR 5 which adds 3 days to all time requirements when service is by mail does not apply to the service of original process — the summons and complaint — as permitted by the amendment adding CR 4(d)(4).

The trial court erred in granting Stebbins' motion for dismissal.

Jones makes the additional argument that Stebbins' concealment should be held as tolling the running of the statute of limitations. Due to our resolution of the statute of limita-

tions issue on other grounds, we find it unnecessary to address this issue.

We reject as unmeritorious Jones' contention that Stebbins did not assert his statute of limitations defense in a timely manner. Stebbins' motion to dismiss was made more than 30 days before the *continued* trial date. Furthermore, there is no indication that Jones raised this issue with the trial court. This court will not consider an issue raised for the first time on appeal unless it falls within the exceptions provided in RAP 2.5(a).

The order of dismissal is reversed, and this case is remanded to the trial court for further proceedings.

BAKER and AGID, JJ., concur.

Review granted at 121 Wn.2d 1008 (1993).