[No. 60036-8.   En Banc.   September 30, 1993.]

WALTER JONES, *Respondent*, v. ARLEN STEBBINS, ET AL, *Petitioners*.

472

*Murphy & Elgot,* by *Mark S. Elgot* and *Thomas H. Murphy,* for petitioners.

*A. Graham Greenlee,* for respondent.

GUY, J. — Petitioner Arlen Stebbins seeks review of a Court of Appeals decision which reversed the trial court's order of dismissal in favor of Stebbins, holding that service by mail is deemed accomplished on the date the summons and complaint are mailed. We accepted review and affirm the Court of Appeals.

## I

### BACKGROUND

On April 18, 1986, respondent Jones was injured by the allegedly tortious conduct of Stebbins. The facts involving the alleged tortious conduct will not be discussed in this opinion, as the issues here entail matters specifically pertaining to civil procedure. In July 1986, Jones initiated a lawsuit in King County against Stebbins. That action was dismissed without prejudice on January 27, 1989. Jones then filed a complaint on March 21, 1989, in King County Superior Court. This filing tolled the statute of limitations for 90 days. RCW 4.16.170.

On May 26, 1989, Jones hired a process server to perform personal service on Stebbins. The process server believed that he served Stebbins on June 15, 1989. The process server indefinitely postponed informing Jones' attorney of the service.

On June 19, 1989,[1] not having been notified of a successful personal service by the process server, Jones obtained an ex parte order allowing him to serve Stebbins by certified mail in lieu of service by publication. Jones mailed copies of the summons and complaint that day. Stebbins filed his notice of appearance on July 11, 1989.

On November 27, 1990, Stebbins filed his answer in which he raised the affirmative defense that the action was barred by the statute of limitations. Stebbins claimed he had not been served the complaint and summons until June 22, more than 3 years after the alleged tortious act and more than 90 days since the filing of the summons and complaint on March 21, 1989.

On April 15, 1991, Stebbins filed a motion to dismiss on the basis that the service by mail was not completed within the time allowed by the statute of limitations. Jones challenged the motion to dismiss on the ground that Stebbins had been personally served on June 15, 1989. The trial court entered an order dismissing the action on May 10, 1991. Jones' motion for reconsideration was denied by the trial court on June 7, 1991. On June 26, 1991, Jones filed a notice of appeal with the Court of Appeals.

The Court of Appeals reversed the trial court's dismissal and remanded the case for further proceedings. *Jones v. Stebbins*, 67 Wn. App. 896, 841 P.2d 791 (1992). During oral argument at the Court of Appeals, Jones asserted for the first time that the service by mail was valid pursuant to CR 4(d)(4). Although the Court of Appeals found no evidence that Stebbins had been personally served on June 15, 1989, the court held that Jones' substituted service by mail was timely under CR 4(d)(4). *Jones*, 67 Wn. App. at 899-900. The court stated that CR 4(d)(4)'s language "suggests that the date of mailing was intended as the date of completed service." *Jones*, 67 Wn. App. at 900. We granted Stebbins' petition for review. We affirm the Court of Appeals.

---

[1] June 19, 1989, was the last day on which Jones could serve Stebbins before the 90-day tolling period and the 3-year statute of limitations would have run.

## II
### SUBSTITUTED SERVICE BY MAIL

This case presents the issue whether service of the original process — summons and complaint — by mail is deemed complete upon mailing.

Under CR 4(d)(4), a party may conduct service by mail. A court will issue an order allowing service by mail when there are "circumstances justifying service by publication" and if the serving party demonstrates, by affidavit, facts which show that service by mail is just as likely to give actual notice as service by publication. CR 4(d)(4). Although the language in CR 4 is not explicit as to when service by mail is deemed complete, it provides that:

> The summons shall contain the date it was deposited in the mail and shall require the defendant to appear and answer the complaint within 90 days *from the date of mailing*. Service under this subsection has the same jurisdictional effect as service by publication.

(Italics ours.) CR 4(d)(4).

Service by mail is also covered in CR 5. That rule provides that service by mail is

> deemed complete upon the third day following the day upon which [the pleadings and other papers] are placed in the mail, unless the third day falls on a Saturday, Sunday or legal holiday . . ..

CR 5(b)(2)(A). The scope of CR 5's application is limited to "every pleading *subsequent to the original complaint*". (Italics ours.) CR 5(a).

Stebbins argues that the Court of Appeals improperly concluded that Jones' service of process by mail was timely. Stebbins contends the Court of Appeals' opinion is contrary to this court's rulings in *Citizens Interested in Transfusion of Yesteryear v. Board of Regents of UW*, 86 Wn.2d 323, 544 P.2d 740 (1976) and *Nearing v. Golden State Foods Corp.*, 114 Wn.2d 817, 792 P.2d 500 (1990). Jones contends that the Court of Appeals' opinion is not in conflict with either *Citizens* or *Nearing*. We agree with Jones that the Court of Appeals' opinion is correct.

■■ Court rules are construed using the rules of statutory construction. *In re McGlothlen*, 99 Wn.2d 515, 522, 663 P.2d 1330 (1983). "Where statutory language is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself." *Bellevue Fire Fighters Local 1604 v. Bellevue*, 100 Wn.2d 748, 750, 675 P.2d 592 (1984), *cert. denied*, 471 U.S. 1015 (1985).

■ To resolve the issue before us, we must determine whether CR 4(d)(4) or CR 5(b)(2)(A) applies and when substituted service by mail of an original summons and complaint is deemed complete. We hold that service of the original summons and complaint by mail is complete upon mailing under CR 4(d)(4).

CR 4(d) describes the different methods by which service of the summons and complaint may be accomplished. Service and the filing of pleadings and other papers, subsequent to the original complaint, are covered under the auspices of CR 5. Accordingly, we conclude from the plain language of both CR 4 and CR 5 that CR 4 controls service of the original summons and complaint.

Under CR 4, "[t]he summons . . . shall require the defendant to appear and answer the complaint within 90 days from the *date of mailing*." (Italics ours.) CR 4(d)(4). The plain language of CR 4(d)(4) is clear. *See Bellevue*, 100 Wn.2d at 750. Therefore, we hold that, pursuant to CR 4(d)(4), service by mail of the original summons and complaint is complete on the date of mailing. If this were not the case, language mirroring CR 5(b)(2)(A) or language to the effect that the defendant will "appear and answer within 90 days from the date of receiving the mailing" would have been used.

Stebbins argues that the Court of Appeals' determination that service was timely under CR 4(d)(4) is incorrect because it is contrary to the ruling in *Citizens*. We disagree. In *Citizens*, plaintiffs' initial suit was dismissed because of their failure to serve or file a summons with the complaint. Plaintiffs then filed a summons and "amended" complaint under the same cause number and subsequently mailed the summons and "amended" complaint to the defendants on the last day of the 90-day tolling period. *Citizens*, 86 Wn.2d at

325. The amendment was factually the original complaint. The court, relying on the presumption that "service by mail is not deemed complete until the third day following the date of mailing", ruled that the plaintiffs had not perfected their action within the 90-day tolling period. *Citizens*, 86 Wn.2d at 330 (citing CR 5(b)(2)(A) and *Moore v. Wentz*, 11 Wn. App. 796, 798-99, 525 P.2d 290 (1974)).

The Court of Appeals distinguished *Citizens* from this case, holding that CR 5 applies to the "service and filing of pleadings and other papers *other than the original complaint*", and therefore CR 5 did not apply "because the mailing in this case was of the original complaint." *Jones*, 67 Wn. App. at 900. The Court of Appeals also explained that the court in *Citizens* could not have considered the effect of CR 4(d)(4) on CR 5(b)(2)(A)'s language regarding the 3-day presumption since CR 4(d)(4) was not in effect when *Citizens* was decided. *Jones*, 67 Wn. App. at 900. We agree with the Court of Appeals and overrule *Citizens* to the extent that it holds that service of an original complaint is deemed complete on the third day after mailing under CR 5.

Stebbins also argues that CR 5(a), which limits the scope of CR 5's applicability to pleadings subsequent to the original complaint, does not apply to the remainder of CR 5. We disagree.

CR 5(a) describes what kind of papers are covered under the rule (everything subsequent to the original complaint) and who should be served those papers. Section (b) of CR 5 describes how those particular papers may be served. We find nothing in the plain language of CR 5(b)(2)(A) to indicate that the rule was meant to govern service of an original complaint.

Stebbins contends that the Court of Appeals' decision improperly permits service by mail (pursuant to CR 4(d)(4)) to toll the statute of limitations. According to Stebbins, the basis of the impropriety is that service by mail is not mentioned in RCW 4.16.170 as a method that will toll the statute of limitations and is therefore contrary to this court's holding in *Nearing v. Golden State Foods Corp.*, *supra*. We disagree.

RCW 4.16.170 provides:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced *when the complaint is filed or summons is served whichever occurs first*. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. . . .

(Italics ours.)

In *Nearing*, we held that RCW 4.16.170 "controls the tolling of the period of limitations while [CR 3] governs the commencement of actions."[2] 114 Wn.2d at 821.

We find nothing in RCW 4.16.170's language which prohibits service by mail to toll the statute of limitations. Therefore, the Court of Appeals' opinion is not contrary to this court's holding in *Nearing*. In the present case, the filing of the complaint on March 21, 1989, tolled the statute of limitations pursuant to RCW 4.16.170. If Jones had served Stebbins by mail first, that would also have been sufficient to toll the statute of limitations, as RCW 4.16.170 allows an action to be commenced by serving the summons.

Stebbins also argues that the Court of Appeals' opinion conflicts with *Nearing* by allowing CR 4(d)(4) to circumvent the requirements of RCW 4.16.170. Stebbins contends RCW 4.16.170 permits only personal service or service by publication to perfect commencement of an action. We disagree.

■■ "Where rule of court is inconsistent with the procedural statute, the power of this court to establish the procedural rules for the courts of this state is supreme." *Petrarca v. Halligan*, 83 Wn.2d 773, 776, 522 P.2d 827 (1974). *See also* RCW 2.04.200. "Apparent conflicts between a court rule and a statutory provision should be harmonized and both given effect, if possible." *State v. Thomas*, 121 Wn.2d 504, 511, 851

---

[2]CR 3(a) states that "[a]n action shall not be deemed commenced for the purpose of tolling any statute of limitations *except* as provided in RCW 4.16.170." (Italics ours.)

P.2d 673 (1993). By harmonizing the language from CR 4(d)(4) with RCW 4.16.170, we conclude that since service by mail can be as effective as service by publication, service by mail is effective to perfect commencement of an action under RCW 4.16.170.

Facially, service under CR 4(d)(4) is excluded by CR 3 as a method for perfecting commencement of an action. However, since service by mail is an alternative to service by publication and has the same jurisdictional effect as service by publication under CR 4(d)(4), we interpret the language from RCW 4.16.170 regarding "service by publication" to include alternatives to service by publication, *i.e.*, service by mail.

### III

#### ISSUE RAISED AT APPELLATE LEVEL

Stebbins contends that the Court of Appeals erred by allowing Jones to raise an argument at the appellate level which he had abandoned before the hearing on the motion to dismiss. According to Stebbins, the Court of Appeals' action in hearing Jones' argument is contrary to RAP 2.5(a). We disagree.

Under the Rules of Appellate Procedure, an "appellate court may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). Issues not presented to the trial court will not be heard for the first time on appeal. *Seattle-First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 240, 588 P.2d 1308 (1978). "However, this rule does not apply when the question raised affects the right to maintain the action." *New Meadows Holding Co. v. Washington Water Power Co.*, 102 Wn.2d 495, 498, 687 P.2d 212 (1984).

At the outset, we note that RAP 2.5(a) is permissive in nature and does not automatically preclude the introduction of an issue at the appellate level. Likewise, under RAP 12.1(b), an appellate court may consider an issue not set forth in the briefs. Thus, the Court of Appeals had authority to consider Jones' contentions concerning the applicability of CR 4(d)(4) and whether *Citizens* controlled that issue. If Jones had not raised the issue regarding the applicability of CR 4(d)(4), the

Court of Appeals would have affirmed the trial court's dismissal, since the court rejected Jones' other contentions. Therefore, since Jones' argument was essential to maintain the action, the exception from *New Meadows* applies. We hold that the Court of Appeals in this case properly allowed Jones to raise an issue for the first time on appeal.

## IV
### SUFFICIENCY OF THE AFFIDAVIT

Stebbins argues that this case must be dismissed for lack of jurisdiction because the facts are insufficient to justify service by publication. Stebbins also claims that the lack of a return of service invalidates service by mail and deprives the trial and appellate courts of jurisdiction.

■ Normally, the defenses of insufficiency of process and insufficient service of process are waived if an individual fails to assert the claims in a motion under CR 12(b)(5) or in his or her responsive pleading. CR 12(h)(1)(B); *see French v. Gabriel*, 116 Wn.2d 584, 588, 806 P.2d 1234 (1991). However, while Jones raised the contentions concerning CR 4(d)(4) and the applicability of *Citizens* for the first time on appeal, the appellate court properly heard the matter and authorized supplemental briefs. Thus, we determine that the above allegations are not barred by CR 12. We must next ascertain what is required to be in an affidavit in support of alternative service by mail.

The requirements for an affidavit in support of service are found in RCW 4.28.100, which authorizes service by publication:

When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the *defendant is not a resident of the state, or cannot be found therein*, and that he *has deposited a copy of the summons* (substantially in the form prescribed in RCW 4.28.110) *and complaint in the post office, directed to the defendant at his place of residence*, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be

made by publication of the summons, by the plaintiff or his attorney in any of the following cases:

. . . .

(2) When *the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent* . . .[.]

(Italics ours.) Stebbins contends that Jones' affidavit in support of service by mail failed to satisfy the requirements of RCW 4.28.100. We disagree.

Stebbins cites *Kent v. Lee*, 52 Wn. App. 576, 762 P.2d 24 (1988) and *Lepeska v. Farley*, 67 Wn. App. 548, 833 P.2d 437 (1992) in support of his argument. The *Lepeska* court, in finding an affidavit in support of service by mail insufficient, stated that "[b]ecause [RCW 4.28.100] requires strict compliance, an 'affidavit that omits the essential statutory elements is as good as no affidavit at all.' " *Lepeska*, 67 Wn. App. at 553-54 (quoting *Kent*, 52 Wn. App. at 579).

We are not persuaded that the affidavit in support of service by mail, pursuant to CR 4(d)(4), did not include all necessary statutory elements of RCW 4.28.100. A statute should be given a reasonable construction to avoid absurd or strained consequences. *State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987). We conclude that it is not necessary to require a plaintiff to mail a copy of the original summons and complaint to the defendant prior to obtaining an order to allow service by mail.

In instances when an individual is serving the original summons and complaint by mail, pursuant to CR 4(d)(4), the requirement to mail a copy of the summons and complaint prior to obtaining an order to allow service by mail is both absurd and needlessly repetitious. Therefore, we hold that an affidavit in support of service by mail must contain every requirement found in RCW 4.28.100, except for the requirement that the plaintiff must first mail a copy of the summons and complaint to defendant prior to obtaining an order to allow service by mail.

■ Under this interpretation of RCW 4.28.100, Jones' affidavit satisfies the requirements of the statute. An affidavit is sufficient where it clearly shows all the conditions required, although it "does not literally follow the wording of the statute". *Jesseph v. Carroll*, 126 Wash. 661, 666, 219 P. 429 (1923).

Although Jones' affidavit was not a model of clarity, there were sufficient facts indicating that the requirements of RCW 4.28.100 had been met. The facts stated in the affidavit demonstrate that Stebbins, a Washington resident, was concealing himself for the purposes of avoiding service and that Jones made reasonably diligent efforts to locate Stebbins. Thus, we hold that the affidavit was sufficient under RCW 4.28.100.

■ Stebbins also asserts that this case must be dismissed because of the lack of a return of service. We disagree. " '[I]t is the fact of service that confers jurisdiction, not the return" of service. *Lake v. Butcher*, 37 Wn. App. 228, 232, 679 P.2d 409 (quoting *Williams v. Steamship Mut. Underwriting Ass'n*, 45 Wn.2d 209, 227, 273 P.2d 803 (1954)), *review denied*, 102 Wn.2d 1020 (1984). "[W]here notice by publication or mailing has in fact been given, the failure to file proof of notice amounts to a mere irregularity." *Crider v. Othello*, 9 Wn. App. 536, 538, 513 P.2d 571 (1973). Under CR 4, "[f]ailure to make proof of service does not affect the validity of the service." CR 4(g)(7).

Stebbins does not challenge whether the mailing in fact took place. Stebbins acknowledged receipt of the mailed summons and complaint. Stebbins instead claims that the lack of return of service invalidates the service by mail and deprives the trial and appellate courts of jurisdiction. We conclude that jurisdiction was acquired by the service of mail itself. The lack of return of service does not deprive a court of jurisdiction, nor does it affect the validity of the service.

## CONCLUSION

We hold that service of the original process — summons and complaint — by mail is complete on the date of mailing under CR 4(d)(4). We affirm the Court of Appeals' determi-

nation that service of the summons and complaint by mail was timely. We also conclude that it was proper for the Court of Appeals in this case to consider an issue raised for the first time at the appellate level. The Court of Appeals is affirmed and the action is remanded to the trial court for further proceedings.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, JOHNSON, and MADSEN, JJ., concur.