IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOHN SISLEY and JANE DOE SISLEY, and their marital community, | ) ) ) | No. 77834-0-I |
| | ) | DIVISION ONE |
| Appellants, | ) ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| HOLLY KIPP and JOHN DOE KIPP, and their marital community, | ) ) ) | |
| | ) | |
| Respondents. | ) | FILED: March 11, 2019 |
| | ) | |

HAZELRIGG-HERNANDEZ, J. — John Sisley appeals the trial court's dismissal with prejudice of his personal injury claim against Holly Kipp based on the statute of limitations. Sisley argues that his claim was timely because he substantially complied with service by mail pursuant to CR 4(d)(4). Sisley further contends that dismissal of his suit for invalid service violated his constitutional rights. We affirm.

## FACTS

On July 16, 2014, Holly Kipp rear-ended John Sisley while he was stopped at a stop sign. Police cited Kipp for failure to obey a traffic control. The police report listed an address for Kipp in Burien, Washington.

On July 10, 2017, six days before expiration of the three-year statute of limitations, Sisley filed a personal injury claim against Kipp. Counsel for Kipp entered a notice of appearance stating that it was entered "without waiving objections as to improper service or jurisdiction."

1

On July 17, 2017, Sisley's process server attempted to serve Kipp at the Burien address listed on the police report. The current resident informed the process server that Kipp no longer lived at that address, but offered to relay a message to her. On July 19, 2017, Kipp called the process server from a blocked number and agreed to make arrangements to accept service later that day. However, Kipp did not call back. The process server left multiple messages for Kipp at the phone number listed on the accident report. The calls were not returned. The process server tracked the phone number Kipp provided on the accident report to an address in Seattle, but a person at that address said they did not know Kipp. The process server also conducted a database search and sent multiple postal tracers to several other addresses associated with Kipp. One was returned as "not known at the address given." The others were unreturned. The process server subsequently signed an amended declaration of diligence stating that she had been unable to locate Kipp.

On August 14, 2017, Kipp served Sisley with discovery requests focused solely on service of process and personal jurisdiction. The following day, Kipp filed an answer admitting fault for the accident and raising the affirmative defense of lack of personal jurisdiction. It is undisputed that Sisley never responded to Kipp's discovery requests.

On September 25, 2017, Sisley moved for an ex parte order authorizing Sisley to serve Kipp by mail pursuant to CR 4(d)(3) and RCW 4.28.100. In support of the motion, Sisley submitted the process server's declaration of due diligence and alleged:

> Service by mail is appropriate because defendant cannot be located and served with due diligence, and plaintiff is otherwise justified in service by publication. Service by mail is just as likely to give actual notice as service of publication.

A superior court commissioner signed Sisley's proposed order that same day. It is undisputed that Sisley failed to notify Kipp's attorney about the motion.[1]

On October 27, 2017, Kipp filed a motion to dismiss in accordance with CR 12(b)(2) and 12(b)(5) on the grounds that service was improper and the statute of limitations had expired. In support of her motion, Kipp filed a declaration stating that she had lived at the same address in Seattle since November 1, 2015. Kipp also indicated that she married in July 2016 and now goes by a different last name. Kipp asserted that she was never "personally served" and "no service has been attempted on anyone at my place of residence." The motion was also supported by a declaration of Kipp's counsel, which attached copies of the summons and complaint, the notice of appearance, Kipp's answer, and the unanswered discovery requests.

On November 16, 2017, Sisley responded to Kipp's motion to dismiss. Sisley argued that service by mail was properly and timely accomplished by mailing one copy of the summons and complaint to Kipp's last known address on October 2, 2017 pursuant to CR 4(d)(3). In support, Sisley attached a copy of an envelope labeled "RETURN TO SENDER – REFUSED – UNABLE TO FORWARD" and a Postal Form 3811 bearing Kipp's Burien address. Sisley

---

[1] The record contains an e-mail exchange indicating that counsel for Sisley did not notify counsel for Kipp about the ex parte order to serve by mail until November 6, 2017, more than a week after Kipp filed her motion to dismiss.

asserted that this letter was returned on October 27, 2017. Sisley also attached a letter from the office of the Secretary of State stating that on October 4, 2017, a copy of the summons and complaint was sent via certified mail to Kipp's Burien address pursuant RCW 46.64.040, the nonresident motorist statute. Sisley asserted that this letter was not returned. Sisley also attached the process server's declaration of diligence, Sisley's motion to serve by mail pursuant to CR 4(d)(4), and the ex parte order granting the motion.

In reply, Kipp argued that the statute of limitations barred Sisley's claim because he failed to establish proper service of process under RCW 4.28.080 or RCW 46.64.040. Kipp also argued that service under CR 4(d)(4) was invalid because Sisley failed to provide notice of the ex parte motion.

The trial court granted Kipp's motion and dismissed Sisley's lawsuit with prejudice. Sisley appealed.

DISCUSSION

"Proper service of process is basic to personal jurisdiction." Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc., 154 Wn. App. 581, 225 P.3d 1035, review granted and case dismissed, 169 Wn.2d 1029 (2010). Whether service of process was proper is a question of law reviewed de novo. Gross v. Sundig, 139 Wn. App. 54, 60, 161 P.3d 380 (2007). The plaintiff has the initial burden of proof to establish a prima facie case of proper service. Streeter-Dybdahl v. Nguyet Huynh, 157 Wn. App. 408, 412, 236 P.3d 986 (2010). "A plaintiff may make this showing by producing an affidavit of service that on its face shows that

4

service was properly carried out." <u>Witt v. Port of Olympia</u>, 126 Wn. App. 752, 757, 109 P.3d 489 (2005).

Personal jurisdiction over resident individuals is obtained either by serving the defendant personally or by substitute service.[2] RCW 4.28.080; <u>Lepeska v. Farley</u>, 67 Wn. App. 548, 551, 833 P.2d 437 (1992). Alternatively, the court may grant an order allowing substitute service by mail where there are "circumstances justifying service by publication" pursuant to RCW 4.28.100[3] and where the serving party demonstrates that "service by mail is just as likely to give actual notice as service by publication." CR 4(d)(4); <u>Jones v. Stebbins</u>, 122 Wn.2d 471, 475, 860 P.2d 1009 (1993). For the purpose of time limits, service by mail is deemed complete three days after mailing.[4] CR 5(b)(2)(A); <u>Vanderpol v. Schotzko</u>, 136 Wn. App. 504, 508, 150 P.3d 120 (2007).

The statute of limitations requires plaintiffs to commence personal injury actions within three years from the date of injury. RCW 4.16.080. Filing a complaint tentatively commences an action. RCW 4.16.170; <u>Banzeruk v. Estate of Howitz</u>, 132 Wn. App. 942, 945, 135 P.3d 512 (2006). If the plaintiff does not serve the defendant within 90 days of filing, the action will be treated as if it had

---

[2] The parties do not dispute that Sisley never personally served Kipp.

[3] RCW 4.28.100(2) authorizes service by publication "[w]hen the defendant, being a resident of this state, has departed therefrom with intent to defraud his or her creditors, or to avoid the service of a summons, or keeps himself or herself concealed therein with like intent."

[4] If the third day falls on a Saturday, Sunday, or legal holiday, service is deemed complete on the first day other than a Saturday, Sunday, or legal holiday, following the third day. CR 5(b)(2)(A).

not been commenced. RCW 4.17.170; <u>Wothers v. Farmers Ins. Co. of Wash</u>, 101 Wn. App. 75, 79, 5 P.3d 719 (2000).

Here, Sisley filed the complaint on July 10, 2017. He needed to properly serve Kipp by October 8, 2017 for commencement to be complete. Sisley asserts that he timely accomplished service by mail pursuant to CR 4(d)(4) on October 5, 2017 by mailing a copy of the summons and complaint with return receipt requested to Kipp's Burien address on October 2, 2017.[5] Sisley is incorrect.

> Service pursuant to CR 4(d)(4) is accomplished
>
> by mailing copies of the summons and other process to the party to be served at the party's last known address or any other address determined by the court to be appropriate. Two copies shall be mailed, postage prepaid, one by ordinary first class mail and the other by a form of mail requiring a signed receipt showing when and to whom it was delivered. The envelopes must bear the return address of the sender. The summons shall contain the date it was deposited in the mail and shall require the defendant to appear and answer the complaint within 90 days from the date of mailing.

The Washington Supreme Court has clearly held that constructive or substituted service statutes require strict procedural compliance, whereas personal service statutes require only substantial compliance. <u>Martin v. Triol</u>, 121 Wn.2d 135, 144, 847 P.2d 471 (1993); <u>Muncie v. Westcraft Corp.</u>, 58 Wn.2d 36, 38, 360 P.2d 744 (1961); <u>Union Bay Pres. Coal. v. Cosmos Dev. Alum. Corp.</u>, 127 Wn2d 614, 624, 902 P.2d 1247 (1995). "[S]tatutes providing for constructive or substituted service must be strictly construed as in derogation of the common law." <u>Martin v. Meier</u>, 111 Wn.2d 471, 479, 760 P.2d 925 (1988). We routinely follow

---

[5] Sisley does not appear to argue that he accomplished service via RCW 46.64.040, the non-resident motorist statute. Any such argument has been abandoned. <u>Holder v. City of Vancouver</u>, 136 Wn. App. 104, 107, 147 P.3d 641 (2006).

this binding precedent. E.g., Pascua v. Heil, 126 Wn. App. 520, 526, 108 P.3d 1253 (2005) (requiring strict compliance with RCW 4.28.100); Heinzig v. Seok Hwang, 189 Wn. App. 304, 311, 354 P.3d 943 (2015) (requiring strict compliance with RCW 46.64.040).

Sisley concedes that he did not strictly comply with CR 4(d)(4). But he asks this court to hold that service was accomplished under the doctrine of substantial compliance. Sisley contends that recent Washington Supreme Court cases indicate a willingness to question the wisdom of strictly construing substitute service statutes. He further contends that dismissal of his case for invalid service violated his constitutional rights to due process and access to the courts.

"Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of the statute." In re Santore, 28 Wn. App. 319, 327, 623 P.2d 702 (1981). "[T]he substantial compliance doctrine requires both actual notice and service in a manner reasonably calculated to reach the party on whom the statute requires service." Chai v. Kong, 122 Wn. App. 247, 253, 93 P.3d 936 (2004). "In the cases where substantial compliance has been found, there has been actual compliance with the statute, albeit procedurally faulty." Weiss v. Glemp, 127 Wn.2d 726, 731-32, 903 P.2d 455 (1995).

Even if the doctrine of substantial compliance were available to Sisley in this situation, we would affirm dismissal of his lawsuit. This is so because the evidence in the record before us is insufficient to demonstrate that Sisley's purported compliance met this standard. Sisley asserts that his attorney's office

mailed the summons and complaint to Kipp's last known address with return receipt requested. But the exhibit Sisley offered the trial court in support of this assertion consists of a copy of an envelope with no addressee information, along with a postal form 3811 with Kipp's name written on it. The exhibit contains no letter or copy of the summons and complaint. We are unable to determine whether the envelope contained a summons that included the date it was deposited in the mail and the 90 day response period, as required by CR 4(d)(4). Moreover, there is no evidence that a second copy of the summons and complaint was ever sent to Kipp via ordinary first class mail. Counsel's declaration did not provide any additional explanation that might specify how service was carried out. "Noncompliance with a statutory mandate is not substantial compliance." Petta v. Dep't of Labor & Indus., 68 Wn. App. 406, 409-10, 842 P.2d 1006 (1992).

We conclude that the trial court properly dismissed Sisley's claim because he did not properly serve Kipp within the statute of limitations. We need not reach Sisley's additional arguments in support of reversal.

Affirmed.

WE CONCUR: